E-FILED
Monday, 21 March, 2022 05:29:59 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BRENT CUTFORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Hon. Judge |
| THE CITY OF QUINCY, ILLINOIS, | ) | |
| a municipal corporation, | ) | |
| | ) | JURY DEMANDED |
| Defendant. | ) | |

## COMPLAINT

Brent Cutforth ("Plaintiff" or "Cutforth"), by and through his undersigned counsel, Nicollette Haines, Esq., DISPARTI LAW GROUP, P.A., complains as follows against Defendant, The City of Quincy, Illinois ("Defendant").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12112, et seq.

2. Venue is proper under 28 U.S.C. § 1391 because the events and omissions giving rise to the claims herein have occurred in this judicial district, and because Defendant maintains places of operation within this judicial district.

## PARTIES

3. Plaintiff Cutforth is a legal adult and resident of Illinois, employed by the City of Quincy as a Utility Locator for the Water Department.

4. Defendant City of Quincy is a municipal corporation under the laws of the State of Illinois and is Plaintiff's employer.

**ADMINISTRATIVE PREREQUISITES**

5. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming disability discrimination based upon the factual allegations charged against Defendant.

6. Plaintiff timely filed his administrative charges in or about October 2021 -- within 300 days -- after he was denied a promotion and continued to experience ongoing discrimination as it relates to his hearing disability, continuing up through the filing of his administrative EEOC charges.

7. A Right to Sue letter was issued by the EEOC on December 22, 2021. *See Exhibit 1 hereto.*

**FACTS COMMON TO ALL COUNTS**

8. Plaintiff Cutforth is 50 years old and was born with congenital hearing loss in his right ear.

9. Plaintiff Cutforth has worked for the City of Quincy for approximately 25 years, specifically for the City of Quincy, Water Department ("Water Department") for approximately 22 years, since 2000.

10. Throughout his employment with the Water Department, Plaintiff Cutforth has held and maintained the same position of Utility Locator.

11. Throughout his employment with the Water Department and specifically in his role as a Utility Locator, Plaintiff has satisfactorily performed the essential functions of this position.

12. The essential job functions of a Utility Locator include searching for underground utility lines including water and sewage, marking the location, photographing the same and completing all necessary documentation.

13. The position of Utility Locator does not require any special certifications.

14. Currently, Plaintiff Cutforth wears a hearing aid in his left ear due to diminished hearing capability.

15. Overall, Plaintiff Cutforth's hearing disability does not prohibit or interfere with his ability to perform the essential job functions of a Utility Locator.

16. In or about March 2021, the position of Supervisor of the Quincy Water Department ("Water Department Supervisor") became vacant.

17. From approximately March 2021 through September 2021, the City of Quincy temporarily filled the vacancy for the Water Department Supervisor position with an employee, Bryan Koch ("Koch") who had no prior work experience in the Quincy Water Department.

18. The job functions for the role of Water Department Supervisor include supervising the regular operation of Water Department staff and processes, including but not limited to answering phone calls from customers, scheduling Water Department staff based on emergency and non-emergency matters, purchasing parts and materials, among other responsibilities.

19. The position of Water Department Supervisor does not require any special certifications.

20. In or about September 2021, Plaintiff Cutforth applied for the permanent, full-time role of Water Department Supervisor.

21. Shortly thereafter, in or about mid-October 2021, Plaintiff Cutforth attended an in-person interview for the role of Water Department Supervisor.

22. Plaintiff Cutforth's in-person interview with the City of Quincy lasted less than thirty (30) minutes in total.

23. On or about October 21, 2021, Plaintiff Cutforth received a rejection letter from the City of Quincy stating that he was "unqualified" for the position of Water Department Supervisor, for which he had previously applied.

24. Subsequently, Plaintiff Cutforth discovered that the permanent position of Water Department Supervisor had been awarded to Koch– who then maintained approximately six (6) months of total work experience in the Quincy Water Department while Plaintiff Cutforth maintained over twenty (20) years of experience within the Quincy Water Department.

25. Since March 2021, Plaintiff Cutforth has directly reported to Koch.

26. Since Koch has directly supervised Plaintiff Cutforth, he (Plaintiff Cutforth) was subject to harmful and offensive comments, on a regular basis, by his co-workers based on his hearing disability.

27. Specifically, co-workers in the Quincy Water Department have verbally attacked Plaintiff Cutforth, in the presence of supervisors and called him "mentally slow" and regularly made comments to the effect that "Quincy doesn't want a deaf person doing that job," and that "Cutty will never get a job as a supervisor because of his disability!"

28. "Cutty" is a nickname that Plaintiff Cutforth goes by.

29. Furthermore, Plaintiff Cutforth experienced a pay cut, beginning in or about April 2021, as he was previously earning an additional 10% (plus his regular pay) each time he was scheduled "on call" as a Supervisor.

30. The pay cut limited Plaintiff Cutforth to earn an additional 10% (plus his regular pay) only when he was required to go out on jobs.

31. Most recently, Koch has made harassing comments -- in the presence of subordinate staff -- to Plaintiff Cutforth directing him to "turn up (his) hearing aid when he (Koch) speaks to him" without any legitimate reason for ordering Cutforth to do so.

32. As the City of Quincy Department of Human Resources and Quincy personnel learned of Plaintiff Cutforth's pending EEOC charges, they advised him that, "If you put us in the lawsuit, you are going to lose!"

33. As a result of Quincy's discriminatory treatment of Plaintiff Cutforth as it relates to his disability, Plaintiff has suffered damages, in the Counts below.

**COUNT I – FAILURE TO PROMOTE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")**

34. Plaintiff incorporates Paragraphs 1 through 33 as if fully restated herein.

35. The ADA prohibits employment discrimination on the basis of disability. 42 U.S.C. § 12112(a).

36. A failure to promote is a discrete act under employment discrimination laws, so each denied promotion can amount to a "separate actionable 'unlawful employment practice.' " *Morgan*, 536 U.S. at 114, 122 S.Ct. 2061. One way to prove a claim for a discriminatory failure to promote is for the plaintiff to show: (1) she belongs to a protected class, (2) she applied for and was qualified for the position sought, (3) she was rejected for that position, and (4) the employer granted the promotion to someone outside of the protected group who was not better qualified than the plaintiff. E.g., *Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003). *Ford v. Marion Cty. Sheriff's Off.,* 942 F.3d 839, 858 (7th Cir. 2019).

37. At all times relevant, Plaintiff Cutforth maintained a permanent disability, namely he is partially deaf.

38. At all times relevant, Plaintiff Cutforth applied for and was qualified for the position of Water Department Supervisor and was denied that position.

39. At all times relevant, Quincy offered the permanent position of Water Department Supervisor to someone who was less qualified than Plaintiff Cutforth, namely to Brian Koch.

40. As a result of Defendant's conduct, Plaintiff Cutforth has suffered damages, to include, but not limited to, loss of pay and benefits, compensatory damages in the form of emotional distress, outrage, shame, humiliation, embarrassment, mental anguish, pain and suffering, as well as lost wages and lost benefits related to Plaintiff's denial of promotional role of Water Department Supervisor, in addition to attorneys' fees.

**COUNT II – HOSTILE WORK ENVIRONMENT CLAIM IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")**

41. Plaintiff incorporates Paragraphs 1 through 33 as if fully restated herein.

42. The ADA prohibits employment discrimination on the basis of disability. 42 U.S.C. § 12112(a).

43. Hostile work environment claims are also cognizable under the ADA. *Ford v. Marion Cty. Sheriff's Off., 9*42 F.3d 839, 858 (7th Cir. 2019). A hostile work environment "occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id.* Hostile work environment claims have their legal basis in the phrase "terms, conditions, and privileges of employment" present in the ADA and other employment discrimination statutes. 42 U.S.C. § 12112(a); see *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

44. A hostile work environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.*

(citations omitted). "A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.' " *Morgan*, 536 U.S. at 117, 122 S.Ct. 2061. *Ford v. Marion Cty. Sheriff's Off.*, 942 F.3d 839, 851 (7th Cir. 2019).

45. At all times relevant, Plaintiff Cutforth maintained a permanent disability, namely he is partially deaf.

46. Since Koch has directly supervised Plaintiff Cutforth, he (Plaintiff Cutforth) was subject to harmful and offensive comments, on a regular basis, by his co-workers based on his hearing disability.

47. Specifically, co-workers in the Quincy Water Department have verbally attacked Plaintiff Cutforth, in the presence of supervisors and called him "mentally slow" and regularly made comments to the effect that "Quincy doesn't want a deaf person doing that job," and that "Cutty will never get a job as a supervisor because of his disability!"

48. "Cutty" is a nickname that Plaintiff Cutforth goes by.

49. Most recently, Koch has made harassing comments -- in the presence of subordinate staff -- to Plaintiff Cutforth directing him to "turn up (his) hearing aid when he (Koch) speaks to him" without any legitimate reason for ordering Cutforth to do so.

50. At all times relevant, Plaintiff Cutforth was: (1) subject to unwelcome harassment; (2) the harassment was based Plaintiff Cutforth's hearing disability; (3) the harassment was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is a basis for employer liability in this case.

51. As a result of Defendant's conduct, Plaintiff Cutforth has suffered damages, to include, but not limited to, compensatory damages in the form of emotional distress, outrage, shame,

humiliation, embarrassment, mental anguish, pain and suffering, related to the hostile workplace that Plaintiff was subjected to, in addition to attorneys' fees.

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Honorable Court enter judgment in his favor, and against Defendant City of Quincy, and enter and order all appropriate relief, to include as appropriate, compensatory damages in the amount of $300,000, make whole relief for all losses resulting from the disability discrimination, injunctive relief requiring Defendant to cease and desist from violating the ADA, reasonable attorneys' fees and litigation costs, pre-judgment interest and all other available and appropriate relief.

**JURY DEMANDED**

Respectfully submitted,

**BRENTON CUTFORTH**
/s/ Nicollette M. Haines
By: ________________________________________
Nicollette M. Haines, Esq.
His Attorney

*Nicollette M. Haines, Esq.*
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 334
F: (312) 846-6363
E: Nicollette@dispartilaw.com

EEOC Form 161 (11/2020)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: **Brent Cutforth**
**618 Sycamore Street**
**Quincy, IL 62301**

From: **Chicago District Office**
**230 S. Dearborn**
**Suite 1866**
**Chicago, IL 60604**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2021-04680** | **Chad Beatty, Investigator** | **(312) 872-9672** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/msd*

**Julianne Bowman,**
**District Director**

12/22/2021
*(Date Issued)*

Enclosures(s)

cc:
**James L. Potter**
**Scholz, Loos, Palmer, Siebers & Deusterhaus LLP**
**City of Quincy**
**625 Vermont St.**
**Quincy, IL 62301**

Exhibit 1